**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Angel Guevara, Araceli Mendoza*,* Cristela
Milagro Monrroy Miranda, David Gonzalez,
Juana Gonzalez, Martha Rodriguez, and Rafael
Ariza, *on behalf of themselves and others*
*similarly situated in the proposed FLSA*
*Collective Action,*

                           *Plaintiffs*,

           - against -

Liquid FBA Gold LLC, El Salada Trading LLC,
Simon Roffe, Jack Falack and Laura Borenstein,

                      *Defendants*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

      Plaintiffs Angel Guevara ("Guevara"), Araceli Mendoza ("Mendoza")*,* Cristela Milagro Monrroy Miranda ("Miranda"), David Gonzalez ("D. Gonzalez"), Juana Gonzalez ("J. Gonzalez"), Martha Rodriguez ("Rodriguez"), and Rafael Ariza ("Ariza", and collectively, the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, bring this complaint against Defendants Liquid FBA Gold LLC, El Salada Trading LLC, (collectively, the "Corporate Defendants"), Simon Roffe, Jack Falack and Laura Borenstein (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants") and state as follows:

## NATURE OF THE ACTION

     1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting New York State Department of Labor regulations.

1

2.     Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, failure to pay timely wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ANGEL GUEVARA**

6.     Plaintiff Guevara was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around January 2022 to, through and including, the present date.

7.     Plaintiff Guevara was employed as a non-managerial employee at "Liquid FBA Gold" from on or around January 2022 to, through and including, the present date.

8.     At all relevant times, Plaintiff Guevara has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9.     Plaintiff Guevara was employed as a packer at Defendants' wholesale and shipping

company known as "Liquid FBA Gold" from on or around January 2022 to, through and including, the present date.

**PLAINTIFF ARACELI MENDOZA**

10.     Plaintiff Mendoza was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around May 2022 to, through and including, January 2023.

11.     Plaintiff Mendoza was employed as a non-managerial employee at "Liquid FBA Gold" from on or around May 2022 to, through and including, January 2023.

12.     At all relevant times, Plaintiff Mendoza has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13.     Plaintiff Mendoza was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around January 2022 to, through and including, the present date.

**PLAINTIFF CRISTELA MILAGRO MONRROY MIRANDA**

14.     Plaintiff Miranda was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around March 2022 to, through and including, September 2022.

15.     Plaintiff Miranda was employed as a non-managerial employee at "Liquid FBA Gold" from on or around March 2022 to, through and including, September 2022.

16.     At all relevant times, Plaintiff Miranda has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF DAVID GONZALEZ**

17.     Plaintiff D. Gonzalez was employed as a packer at Defendants' wholesale and

shipping company known as "Liquid FBA Gold" from on or around September 2021 to, through and including, the present date.

18.     Plaintiff D. Gonzalez was employed as a non-managerial employee at "Liquid FBA Gold" from on or around September 2021 to, through and including, the present date.

19.     At all relevant times, Plaintiff D. Gonzalez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JUANA GONZALEZ**

20.     Plaintiff J. Gonzalez was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around September 2021 to, through and including, the present date.

21.     Plaintiff J. Gonzalez was employed as a non-managerial employee at "Liquid FBA Gold" from on or around September 2021 to, through and including, the present date.

22.     At all relevant times, Plaintiff J. Gonzalez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF MARTHA RODRIGUEZ**

23.     Plaintiff Rodriguez was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around April 2022 to, through and including, December 23, 2022.

24.     Plaintiff Rodriguez was employed as a non-managerial employee at "Liquid FBA Gold" from on or around April 2022 to, through and including, December 23, 2022.

25.     At all relevant times, Plaintiff Rodriguez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF RAFAEL ARIZA**

26.     Plaintiff Ariza was employed as a packer at Defendants' wholesale and shipping company known as "Liquid FBA Gold" from on or around April 27, 2022 to, through and including, January 2023.

27.     Plaintiff Ariza was employed as a non-managerial employee at "Liquid FBA Gold" from on or around April 27, 2022 to, through and including, January 2023.

28.     At all relevant times, Plaintiff Ariza has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT LIQUID FBA GOLD LLC**

29.     Upon information and belief, Defendant Liquid FBA Gold LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at: (i) 3603 Quentin Rd., Brooklyn, NY 11234, and alternate addresses at: (ii) 6103 Strickland Ave., Brooklyn, NY 11234; (iii) 1702 Ocean Pkwy., Brooklyn, NY 11223; and (iv) 223-B 140th St., Apt. #2, Rockaway Park, NY 11694.

30.     At all times relevant to this Complaint, Defendant Liquid FBA Gold LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

31.     At all times relevant to this Complaint, Defendant Liquid FBA Gold LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

32. At all times relevant to this Complaint, Defendant Liquid FBA Gold LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT EL SALADA TRADING LLC**

33. Upon information and belief, Defendant El Salada Trading LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at: (i) 3603 Quentin Rd., Brooklyn, NY 11234, and alternate addresses at: (ii) 6103 Strickland Ave., Brooklyn, NY 11234; (iii) 1702 Ocean Pkwy., Brooklyn, NY 11223; and (iv) 223-B 140th St., Apt. #2, Rockaway Park, NY 11694.

34. At all times relevant to this Complaint, Defendant El Salada Trading LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

35. At all times relevant to this Complaint, Defendant El Salada Trading LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

36. At all times relevant to this Complaint, Defendant El Salada Trading LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT SIMON ROFFE**

37. Defendant Simon Roffe is an individual engaging (or who was engaged) in

business within this judicial district during the relevant time period.

38.     Defendant Simon Roffe is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

39.     Defendant Simon Roffe possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

40.     Defendant Simon Roffe determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

41.     At all times relevant to this Complaint, Defendant Simon Roffe was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JACK FALACK**

42.     Defendant Jack Falack is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

43.     Defendant Jack Falack is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

44.     Defendant Jack Falack possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

45.     Defendant Jack Falack determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

46.     At all times relevant to this Complaint, Defendant Jack Falack was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and

employed employees, including Plaintiffs.

**DEFENDANT LAURA BORENSTEIN**

47. Defendant Laura Borenstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

48. Defendant Laura Borenstein is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

49. Defendant Laura Borenstein possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

50. Defendant Laura Borenstein determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

51. At all times relevant to this Complaint, Defendant Laura Borenstein was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

52. Defendants own, operate and/or control a wholesale and shipping company known as "Liquid FBA Gold".

53. The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

54. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

8

55.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

56.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

57.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

58.      Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.      defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendants for their own benefit as the majority shareholders;

e.      operating the Corporate Defendants for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

f.      intermingling assets and debts of their own with the Corporate Defendants;

g.      diminishing and/or transferring assets of the Corporate Defendants to protect his own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

59.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

60.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Angel Guevara*

61.     Plaintiff Guevara was an employee of Defendants.

62.     Plaintiff Guevara worked as a packer at "Liquid FBA Gold".

63.      From approximately January 2022 to, through and including, the present date, Plaintiff Guevara worked five (5) to six (6) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 to 56 hours during each of the weeks, respectively.

64.     From approximately January 2022 to, through and including May 2022, Defendants paid Plaintiff Guevara a flat salary of $600 per week.

65.     From approximately June 1, 2022 to, through and including June 30, 2022, Defendants paid Plaintiff Guevara a flat salary of $750 per week.

66.     Defendants failed to pay Guevara *any* wages from July 2022 to, through and including, August 2022.

67.     From approximately September 2022 to, through and including October 2022,

Defendants paid Plaintiff Guevara a flat salary of $750 per week.

68.     Defendants failed to pay Guevara *any* wages from November 2022, to through and including the present date.

69.     Defendants' conduct extended beyond Plaintiff Guevara to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to Araceli Mendoza*

70.     Plaintiff Mendoza was an employee of Defendants.

71.     Plaintiff Mendoza worked as a packer at "Liquid FBA Gold".

72.      From approximately May 2022 to, through and including, January 2023 Plaintiff Mendoza worked five (5) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 hours during each of the weeks, respectively.

73.     From approximately May 2022 to, through and including, June 2022, Defendants paid Plaintiff Mendoza $13 per hour, for all hours worked.

74.     Defendants failed to pay Mendoza *any* wages from July 2022 to, through and including, August 2022.

75.     From approximately September 2022 to, through and including October 2022, Defendants paid Plaintiff Mendoza $13 per hour, for all hours worked.

76.     Defendants failed to pay Mendoza *any* wages from November 2022, to through and including January 2023.

77.     Defendants' conduct extended beyond Plaintiff Mendoza to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to Cristela Milagro to Monrroy Miranda*

78.     Plaintiff Miranda was an employee of Defendants.

79.     Plaintiff Miranda worked as a packer at "Liquid FBA Gold".

80.      From approximately March 2022 to, through and including, September 2022 Plaintiff Miranda worked five (5) or six (6) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 to 56 hours during each of the weeks, respectively.

81.     From approximately March 2022 to, through and including, August 2022, Defendants paid Plaintiff Miranda a flat salary of $600.

82.     Defendants failed to pay Miranda *any* wages from September 1, 2022 to, through and including, September 30, 2022.

83.     Defendants' conduct extended beyond Plaintiff Miranda to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to David Gonzalez*

84.     Plaintiff D. Gonzalez was an employee of Defendants.

85.     Plaintiff D. Gonzalez worked as a packer at "Liquid FBA Gold".

86.      From approximately September 2021 to, through and including, the present date, Plaintiff D. Gonzalez worked five (5) to six (6) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 to 56 hours during each of the weeks, respectively.

87.     From approximately September 2021 to, through and including, October 2021, Defendants paid Plaintiff D. Gonzalez $15 per hour, for all hours worked.

88.     From approximately November 2021 to, through and including, December 31, 2021, Defendants paid Plaintiff D. Gonzalez $16 per hour, for all hours worked.

89.     From approximately January 2022 to, through and including, March 2022, Defendants paid Plaintiff D. Gonzalez $16 per hour, with overtime, for any hours worked in excess of forty hours per week.

90.     From approximately April 2022 to, through and including, the present date, Defendants paid Plaintiff D. Gonzalez $16 per hour, for all hours worked.

*Factual Allegations Pertaining Specifically to Juana Gonzalez*

91.     Plaintiff J. Gonzalez was an employee of Defendants.

92.     Plaintiff J. Gonzalez worked as a packer at "Liquid FBA Gold".

93.      From approximately September 2021 to, through and including, the present date, Plaintiff J. Gonzalez worked five (5) to six (6) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 to 56 hours during each of the weeks, respectively.

94.     From approximately September 2021 to, through and including, November 2022, Defendants paid Plaintiff J. Gonzalez $15 per hour, with overtime, for any hours worked in excess of forty hours per week.

95.     From approximately December 2022 to, through and including, June 2022, Defendants paid Plaintiff J. Gonzalez a flat salary of $850 per week.

96.     Defendants failed to pay J. Gonzalez *any* wages from July 2022 to, through and including, August 2022.

97.     From approximately September 2022 to, through and including October 2022, Defendants paid Plaintiff J. Gonzalez a flat salary of $850 per week.

98.     Defendants failed to pay J. Gonzalez *any* wages from November 2022, to through and including the present date.

*Factual Allegations Pertaining Specifically to Martha Rodriguez*

99.     Plaintiff Rodriguez was an employee of Defendants.

100.    Plaintiff Rodriguez worked as a packer at "Liquid FBA Gold".

101.     From approximately April 2022 to, through and including, December 23, 2022 Plaintiff Rodriguez worked five (5) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 hours during each of the weeks, respectively.

102.    From approximately April 2022 to, through and including, May 2022, Defendants paid Plaintiff Rodriguez $13 per hour, with overtime, for any hours worked in excess of forty hours per week.

103.    From approximately June 1, 2022 to, through and including, June 30, 2022 Defendants paid Plaintiff Rodriguez $13 per hour, for all hours worked.

104.    Defendants failed to pay Rodriguez *any* wages from July 2022 to, through and including, August 2022.

105.    From approximately September 2022 to, through and including October 2022, Defendants paid Plaintiff Rodriguez $13 per hour, for all hours worked.

106.    Defendants failed to pay Rodriguez *any* wages from November 2022, to through and including January 2023.

107.    Defendants' conduct extended beyond Plaintiff Rodriguez to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to Rafael Ariza*

108.    Plaintiff Ariza was an employee of Defendants.

109.    Plaintiff Ariza worked as a packer at "Liquid FBA Gold".

110.     From approximately April 27, 2022 to, through and including, January 2023, Plaintiff Ariza worked five (5) days a week as follows: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* 9 hours each day), for a total period of approximately 45 hours during each of the weeks, respectively.

111.    From approximately April 2022 to, through and including, May 2022, Defendants paid Plaintiff Ariza $13 per hour, with overtime, for any hours worked in excess of forty hours per week.

112.    From approximately June 1, 2022 to, through and including, June 30, 2022 Defendants paid Plaintiff Ariza $13 per hour, for all hours worked.

113.    Defendants failed to pay Ariza *any* wages from July 2022 to, through and including, August 2022.

114.    From approximately September 2022 to, through and including October 2022, Defendants paid Plaintiff Ariza $13 per hour, for all hours worked.

115.    Defendants failed to pay Ariza *any* wages from November 2022, to through and including January 2023.

116.    Defendants' conduct extended beyond Plaintiff Ariza to all other similarly situated employees.

*Factual Allegations Pertaining to Plaintiffs*

117.    Plaintiffs and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

118.    Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

119.    Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

120.    As alleged herein, Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

121.    Plaintiffs were not required to keep track their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

122.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

123.    Defendant did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

124.    Defendant did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

125.    Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiffs their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

126.    Moreover, the breach of the obligations injured Plaintiffs by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

127.    Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to packers and other general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

128.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

129.    The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

130.    Plaintiffs reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

131.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

132.    Defendants willfully and intentionally failed to compensate the Plaintiff with the
applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

133.    Defendants have failed to make a good faith effort to comply with the FLSA with
respect to compensation of Plaintiffs.

134.    Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and
FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their
unpaid minimum wages and an equal amount in the form of liquidated damages, as well as
reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be
determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

135.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth
herein.

136.    At all relevant times to this action, Plaintiffs are covered, non-exempt employees
within the meaning of the FLSA.

137.    Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the
regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a
workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et
seq.

138.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled
under the FLSA.

139.    Defendants willfully violated the FLSA by knowingly and intentionally failing to
pay Plaintiffs overtime wages.

140.    Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

141.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

142.    Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

143.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

144.    Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

145.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

146.    Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

147.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to

pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

148.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

149.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

150.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

151.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

152.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

153.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

154.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover

their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

155.   Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

156.   With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

157.   As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (Failure to Pay Timely Wages)

158.   Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

159.   NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

160.   As described above, throughout their employment with Defendants, Plaintiffs were underpaid their wages each week.

161.   As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g. awarding Plaintiffs unpaid minimum wages;

h. awarding Plaintiffs unpaid overtime wages;

i. awarding unpaid wages under New York State law for failure to pay timely wages;

j. awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

k. awarding unpaid wages under the NYLL and the New York State contract law;

l. awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m.    rewarding Plaintiffs pre- and post-judgment interest under the NYLL;

n.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

o.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 4, 2023

Respectfully submitted,

By:  /s/ Joshua Levin-Epstein
     Joshua Levin-Epstein
     Jason Mizrahi
     Levin-Epstein & Associates, P.C.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel: (212) 792-0046
     Email: Joshua@levinepstein.com
     *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*